UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALPHA CAPITAL AKTIENGESELLSCHAFT; AMRO INTERNATIONAL, S.A.; MARKHAM HOLDINGS, LTD.; STONESTREET LIMITED PARTNERSHIP,

                Plaintiffs,

-against-

GROUP MANAGEMENT CORP, et al.

                Defendants.

02-CV-2219 (CM)

ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

      This action has been closed for more than a decade. By orders dated August 25, 2003, and November 11, 2003, Group Management Corporation's director Thomas Ware ("Ware") was held in contempt of the Court's order to honor conversion requests from Alpha Capital. Ware failed to appear at the initial civil contempt hearing, and on December 22, 2003, the Court entered judgment on the contempt motion in favor of Plaintiffs and against Defendants Silver Screen, Group Management Corp., and Ware, jointly and severally, in the amount of $2,098,619. (ECF No. 80.) The Court also issued a warrant for the U.S. Marshal Service to arrest Ware and referred the matter for criminal prosecution. Ware was convicted in two criminal cases for related conduct, and he remains incarcerated in the custody of the U.S. Bureau of Prisons.[1]

---

[1] On April 30, 2007, a jury convicted Thomas Ware of securities fraud and conspiracy to commit securities fraud in *United States v. Ware*, No. 05-CR-1115 (WHP) (S.D.N.Y.), and the Court sentenced him principally to 97 months' imprisonment. In *United States v. Ware*, No. 04-CR-1224 (RWS) (S.D.N.Y. Feb. 2, 2009), a jury convicted Ware of three counts of criminal contempt, in violation of 18 U.S.C. § 401(3), and he was sentenced principally to 97 months' imprisonment.

In each of these actions, Ware, a former attorney, has flooded the Court with letters and filings despite admonitions to desist.[2] The Court of Appeals for the Second Circuit has entered a leave-to-file sanction against Ware. *United States v. Ware*, No. 07-5222 (2d Cir. Nov. 5, 2010).

Ware filed numerous post-judgment motions in this action. In response, on August 1, 2011, presiding District Judge Leonard B. Sand construed Ware's submissions as a motion under Rule 60(b) of the Federal Rules of Civil Procedure and denied it. (ECF No. 102.) In that decision, Judge Sand ordered as follows:

> The Clerk of Court is directed to accept no further submissions from Defendant in this case except for papers directed to the United States Court of Appeals for the Second Circuit.

Ware appealed the denial of his motion, and the United States Court of Appeals for the Second Circuit denied his appeal on the ground that it was not a departure from his pattern of vexatious litigation. (ECF No. 106.) *See United States v. Ware*, No. 17-2214 (2d Cir. Oct. 27, 2017).

Despite Judge Sand's order barring Ware from filing further submissions in this closed action, from 2016 to 2019, Ware submitted another series of letters and motions, which were filed on the Court's docket under docket numbers 107–118. These include letters (1) seeking confirmation of the filing of his emergency contempt motions against District Judge William H. Pauley, who presided over *Ware*, No. 05-CR-1115 (WHP) (S.D.N.Y.), and Judge Sand, who presided over this civil action, and seeking forms to use in filing actions under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against fourteen federal judges (ECF No. 107); (2) regarding the "criminal offenses" of individuals involved in

---

[2] By order dated November 27, 2013, for example, Judge Pauley noted that after his criminal action was closed, Ware filed "almost one hundred pro se letters and motions -- all equally without merit." *Ware*, No. 05-CR-1115 (WHP) (S.D.N.Y.) (ECF No. 222).

his civil and criminal proceedings (ECF No. 108); (3) seeking civil and criminal penalties from many federal judges, U.S. Attorneys, and others, and asking for $22.5 billion in damages (ECF No. 109); (4) seeking to "recuse" Judge Sand from this closed action (ECF No. 112); (5) seeking default due to defendants' failure to oppose his motion (ECF No. 113); (6) making arguments regarding the order of dismissal without prejudice of the underlying action, which is on the docket at docket number 90 (ECF No. 114); (7) requesting "default" in this closed action, based on to defendants' failure to oppose his motion (ECF No. 115); (8) seeking an "order to show cause" why Judge Sand should not be disqualified and why Judge Sand and dozens of other federal officials, whom Plaintiff refers to as "unindicted co-conspirators," engaged in "fraud on the court" (ECF No. 116); (9) seeking an order that ECF No. 90 voided the legal judgment entered against Plaintiff in this civil action (ECF No. 117); and (10) making an "emergency motion for final judgment" (ECF No. 118).

Because Judge Sand directed the Clerk of Court not to accept further filings in this matter, these applications should not have been filed on the Court's docket. Given that these applications have already been filed, the Court directs the Clerk of Court to terminate any pending motions as the Court will not take any action on Plaintiff's applications.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. This action under docket number 02-CV-2219 (CM) is closed. The Clerk of Court is directed to terminate all pending motions, as the Court has previously directed the Clerk of Court

---

[3] The Court notes, however, that even if it were to construe these applications as motions under Rule 60(b) of the Federal Rules of Civil Procedure to reconsider the judgment in the civil contempt proceedings and adjudicate them, such motions would be untimely and do not show that Ware is entitled to relief under Rule 60(b)(1)-(6).

3

not to accept further submissions from Thomas Ware in this case except for papers directed to the United States Court of Appeals for the Second Circuit. (ECF No. 102.) That order remains in effect.

    The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 17, 2019
           New York, New York

                                            COLLEEN McMAHON
                                        Chief United States District Judge